IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO8

ADOLPHO B. GRADO,

       **Plaintiff,**

vs.                                                                                                                **Civ. No. 03-46 RHS**

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

       **Defendant.**

## MEMORANDUM OPINION AND ORDER

      THIS MATTER comes before the Court upon Plaintiff's Motion to Reverse Administrative Decision or, in the Alternative, a Remand of Said Decision, filed July 24, 2003. [Doc. No. 9]. The Commissioner denied Plaintiff's request for Supplemental Security Income ("SSI") benefits. Plaintiff, age 38, alleges a disability which commenced on July 1, 1991, due to sciatic nerve injury to his left leg, hepatitis C and chest pain.

      The Commissioner denied Plaintiff's application for benefits both initially and on reconsideration. After conducting an administrative hearing, the Commissioner's Administrative Law Judge ("ALJ") likewise denied the application, concluding that Plaintiff has a residual functional capacity to perform a restricted range of sedentary work that exists in significant numbers and is therefore not disabled. The Appeals Council denied Mr. Grado's request for review, thus the ALJ's decision is the final decision of the Commissioner. Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. §405(g).

At the time of the Commissioner's final decision, claimant was 36 years old. He had more than a high school education and past relevant work experience as an oil field roughneck, maintenance worker and dishwasher.

The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993) (citations omitted). Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. Id. (citation omitted).

Plaintiff raises the following allegations of error with respect to the ALJ's decision: (1) the ALJ failed to properly evaluate his pain; (2) the ALJ failed to properly evaluate his residual functional capacity; (3) the ALJ failed to properly evaluate his credibility; (4) the ALJ's hypothetical questions to the vocational expert were incomplete; and (5) the ALJ disregarded his cardiac impairment.

"To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." Thompson at 1486 (citing 42 U.S.C. § 1382c(a)(3)(A)). Social Security Regulations require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. Id.; see 20 C.F.R. §§ 404.1520(a - f); 416.920. The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled. Id. (citations omitted).

At the first four levels of the evaluation, the claimant must show: (1) that he or she is not working; (2) that he or she has an impairment or combination of impairments severe enough

2

to limit the ability to do basic work activities; (3) that the impairment meets or equals one of the listing of impairments in 20 C.F.R. Pt. 404, Subpt.P, App.1; or (4) that he or she is unable to perform work done in the past. At the fifth step, the Commissioner must produce evidence regarding the claimant's ability to perform other work. Reyes v. Bowen, 845 F.2d 242, 243 (10th Cir. 1988).

      Mr. Grado testified that he has had nine surgeries on his left ankle, he wears a brace on his left knee, his left leg is shorter than his right leg which has caused scoliosis of his spine and that he suffers from chronic pain in his left leg. Tr. at 35-36. He stated that he was unable to walk without his brace and a cane, that he had difficulty squatting, kneeling and climbing stairs and that he could sit for thirty to forty minutes at a time and walk half a block. Tr. at 44-46. He said that he needed to soak his foot and elevate it at least twice a day to reduce swelling, Tr. at 48. Mr. Grado stated that he could take a shower using a shower chair and could dress himself but required help to put on his left sock and shoe. Tr. at 43-44.

      Plaintiff also testified that he had pain in his left arm which began after he sustained a severe laceration, that several fingers on his left hand were numb and that he tended to drop objects which he tried to hold in that hand. Tr at 49-50. He stated that he had stabbing pain in his liver area, was severely fatigued from Hepatitis C and suffered from frequent nosebleeds. Tr. at 50-51.

      A consultative examination was performed by Dr. Deborah Schenck on September 6, 2000. She found that Plaintiff's left side was smaller than his right at his thighs, calves, ankles and feet. The greatest difference in the measurements was in his calves which measured 21 cm. on the left side and 37cm. on the right. She stated that Plaintiff was unable to walk without his brace and

that he had severe atrophy and disability of his left leg. She concluded that he was fit for only sedentary to very light work. Tr. at 166-167.

**First and Third Alleged Errors**

Plaintiff alleges that the ALJ erred in his evaluation of pain. He argues that the record reflects objective assessments of severe debilitating pain which were not given the proper consideration by the ALJ. He also contends that there was an insufficient credibility analysis because the ALJ did not specify which allegations of pain and other symptoms he found not credible.

Plaintiff argues that the March 3, 2001 report from the Methodist Hospital supports his allegations of severe limitations due to pain. The report stated that Plaintiff's pain had a 78% probability of interference with daily activities and a 95% probability of interference with work and leisure activities. Tr. at 208. Although some of the information used in the return to work assessment performed by the Methodist Hospital was based only on information provided by the patient, the examiner also objectively rated Mr. Grado's whole body range of motion as below the level required by the Department of Labor's standard for work. Tr. at 207.

The Tenth Circuit has enumerated the following factors to consider when analyzing a claimant's pain evidence: (1) [W]hether Claimant established a pain producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling. Musgrave v. Sullivan, 966 F.2d 1371, 1376 (10th Cir. 1992) (citing Luna v. Bowen, 834 F.2d 161, 163-64 (10th Cir. 1987)).

Mr. Grado produced objective medical evidence of an underlying impairment. The ALJ may not reject Plaintiff's subjective complaints based solely on lack of corroborative objective medical evidence regarding alleged severity of pain or degree of impairment. Ranchez v. Apfel, 39 F.Supp.2d 1243 (D.Or. 1999). The ALJ must investigate all avenues presented that relate to subjective complaints, including nature, location, onset, duration, frequency, radiation and intensity of pain; aggravating factors, adverse side effects of medications, treatment, other than medication, for relief of pain, functional restrictions; and claimant's daily activities. SSR-88-13; see Luna v. Bowen, 834 F.2d 161, 166 (10th Cir. 1987).

Findings as to credibility should be closely and affirmatively linked to substantial evidence. Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988), cited in Winfrey v. Chater, 92 F.3d 1017, 1021 (10th Cir. Okla). The ALJ must explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible. Kepler v. Chater, 68 F.3d 387 (10th Cir. 1995).

The ALJ's decision addresses the credibility of Plaintiff's testimony regarding some of his limitations, however, a thorough discussion and analysis of Mr. Grado's complaints of pain was not done. The ALJ noted that during the functional capacity evaluation done in March 2001, "Mr. Grado reported significant pain related limitations,"Tr. at 15, but the decision does not give specific reasons for the lack of weight given by the ALJ to Plaintiff's statements regarding his pain.

The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision. It is not sufficient to make a conclusory statement that "the claimant"s allegations are not totally credible." Tr. at 17. The determination or decision must

5

contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight. This documentation is necessary in order to give the individual a full and fair review of his or her claim, and in order to ensure a well-reasoned determination or decision. The reasons given by the ALJ for disregarding Plaintiff's pain testimony and evidence were insufficient for the Court to fairly review this decision. On remand, the ALJ will conduct a detailed pain analysis.

**Second Alleged Error**

Relevant regulations require that pain be considered in evaluating residual functional capacity. 20 C.F.R. §§404.1545 and 416.945. Social Security Rule 96-8p provides that the RFC assessment must be based on all of the relevant evidence in the case record. Pain symptoms are specifically included in the factors to be considered. The Court finds that where, as here, the ALJ's credibility assessment is flawed, the resultant residual functional capacity assessment can not stand.

**Fourth Alleged Error**

Plaintiff alleges that the ALJ erred in his hypothetical questions to the vocational expert ("VE") by failing to include all of claimant's limitations. Mr. Grado argues that his pain, fatigue, side effects from medication, need to soak and elevate his leg, dropping of objects, severe nose bleeds and inability to sit, stand or walk for prolonged periods of time should have been included in the questions posed to the VE. The information provided to the VE must accurately reflect all of the claimant's impairments. Testimony elicited by hypothetical questions "that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support

6

the Secretary's decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991). A vocational expert's testimony can provide substantial evidence to support the ALJ's findings only if the hypothetical question presented to the vocational expert adequately reflects the state of the record. Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir. 1993); Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991).

The hypothetical questions posed to the VE in this case did not include Plaintiff's alleged limitations due to pain, frequent nosebleeds and need to elevate and soak his foot. After conducting a thorough discussion of these alleged limitations on remand, the ALJ may again determine that Plaintiff's allegations of these limitations are not credible. Based on the decision in this case as presently written, however, the ALJ's questions to the VE appear to have disregarded information which was shown through uncontroverted evidence, which is an error requiring remand.

**Fifth Alleged Error**

Plaintiff contends that the ALJ erred in assessing his cardiac impairment. Mr. Grado argues that his May 2002 stress test which showing a heart exchange workload stress level of 2.0 METS establishes that his heart condition meets or equals Listings 4.02 and 4.04. That stress test showed no EKG changes and was interpreted by the cardiologist as a negative study. Tr. at 279. The medical evidence does not support Plaintiff's claim that he met or equaled a listed cardiac impairment. There was no error committed in the evaluation of his cardiac impairment.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reverse or, in the Alternative, a Remand of Said Decision [Doc. No. 9] is GRANTED.  This case is remanded to the Commissioner for further proceedings consistent with this opinion.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE